**Securities Indus. & Fin. Mkts. Assn., Inc. v Certain Underwriters at Lloyd's of London**

2024 NY Slip Op 31249(U)

April 9, 2024

Supreme Court, New York County

Docket Number: Index No. 656239/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

--------------------------------------------------------------------------------X

SECURITIES INDUSTRY AND FINANCIAL MARKETS ASSOCIATION, INC.,

|  | INDEX NO. | 656239/2020 |
|---|---|---|

Plaintiff,

| MOTION DATE | |
|---|---|

- v -

| MOTION SEQ. NO. | 009 |
|---|---|

CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON,

Defendants.

**DECISION + ORDER ON MOTION**

--------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 009) 241, 242, 243, 244, 245, 246, 247, 248, 249, 250

were read on this motion to/for                                SEAL                                                .

Upon the foregoing documents, it is

In motion sequence number 009, defendants, Certain Underwriters at Lloyd's of London (Underwriters) move, by order to show cause, pursuant to Section 216.1 of the Uniform Rules for the New York State Trial Courts, to seal NYSCEF Doc No. [NYSCEF] 236 and 237 on the ground that these documents were originally filed by the plaintiff Securities Industry and Financial Markets Association, Inc. (SIFMA) under seal as NYSCEF 181 and 182 respectively.  The motion is unopposed.

There is no indication that the press or public have an interest in this action.

NYSCEF 236 is a copy of SIFMA's Memorandum of Law in opposition to Underwriters' Motion for Summary Judgment (Memorandum of Law in opposition), originally filed by SIFMA as NYSCEF 181.

**656239/2020   SECURITIES INDUSTRY AND vs. CERTAIN UNDERWRITERS AT**
**Motion No.  009**

Page 1 of 6

NYSCEF 237 is a copy of SIFMA's Counterstatement to Underwriters' Statement of Material Facts in Support of Motion for Summary Judgment (Counterstatement), originally filed by SIFMA as NYSCEF 182.

Both NYSCEF 181 and 182 were filed by SIFMA under restricted access pursuant to a request to seal on November 4, 2021. (NYSCEF 243, Rayburn aff ¶¶ 4-5.)

**Background**

SIFMA filed this action against Underwriters seeking money damages and declaratory relief arising out of Underwriters' breach of their contractual obligations under an event cancellation insurance policy (Policy) purchased by SIFMA. (NYSCEF 2, Complaint ¶ 1.) SIFMA alleged that Underwriters breached the Policy when they denied coverage of losses incurred by SIFMA when it had to cancel three of its scheduled conferences. (*Id.* ¶¶ 3-4.) The Underwriters moved pursuant to CPLR 3212 for summary judgment seeking the dismissal of the complaint with prejudice. (NYSCEF 54, Notice of Motion [mot. seq. no. 004].) While their motion for summary judgment was pending, Underwriters moved by order to show cause to permit filing of certain documents under seal and to redact portions of court filings which disclosed Underwriters' sensitive and proprietary business information. (NYSCEF 123, Proposed Order to Show Cause [mot. seq. no. 007].) This court signed the order to show cause to seal on November 1, 2021, which included a TRO directing the clerk of the court to restrict public access to NYSCEF 118, 119 and 127-151 pending the hearing of the order to show cause. (NYSCEF 154, Order to Show Cause [mot. seq. no. 007].)

In the meantime, SIFMA filed its papers in opposition to Underwriters' motion for summary judgment. SIFMA filed its affirmation in opposition to the motion for summary

Judgment (NYSCEF 156), Memorandum of Law in opposition to Underwriters' Motion for Summary Judgment (NYSCEF 181), Counterstatement to Underwriters' Statement of Material Facts in Support of Motion for Summary Judgment (NYSCEF 182) and supporting exhibits. Six[1] of the total 24 exhibits were copies of documents which had been designated confidential by Underwriters and were subject to the Order to Show Cause to Seal issued on November 1, 2021. (NYSCEF 247, Defendants' Memo of Law at pgs. 2, 4.) These six exhibits were filed under seal. As SIFMA's Memorandum of Law and Counterstatement (NYSCEF 181 and 182) referred to these six exhibits, the Memorandum of Law and Counterstatement were also filed under seal. (NYSCEF 247, Defendants' Memo of Law at pg. 2.)

This court issued a decision[2] on April 4, 2022, granting in part and denying in part Underwriters' mot. seq. no. 007. (NYSCEF 194, Decision and Order [mot. seq. no. 007].) The court found good cause to redact portions of NYSCEF 130, 132, 143, 145, 147, 159, 160, 162, 173, and 174 which pertained to Underwriters' proprietary business strategy, financial information and/or nonparty identifying information and directed Underwriters to file publicly redacted versions of these documents. (NYSCEF 214, Amended Decision and Order [mot. seq. no. 007] at pgs. 3-5.) The court did not find good cause to seal the binding authority agreement (filed as NYSCEF 119, 129, and 157) in its entirety and directed Underwriters to file a proposed redacted copy of the binding authority agreement along with explanations for the proposed redactions.

---

[1] NYSCEF 157, 159, 160, 162, 173 and 174.
[2] The court issued an amended decision on mot. seq. no. 007 on April 12, 2022 (NYSCEF 214, Amended Decision and Order [mot. seq. no. 007]). The April 4, 2022 decision had inadvertently referred to the Underwriters' sensitive and proprietary business information as the plaintiff's.

**656239/2020 SECURITIES INDUSTRY AND vs. CERTAIN UNDERWRITERS AT Motion No. 009**

**Page 3 of 6**

(NYSCEF 214, Amended Decision and Order [mot. seq. no. 007] at pgs. 4-5.) The court also held that good cause did not yet exist to redact portions of NYSCEF 150 which simply referenced NYSCEF 119, 129, and 157, and directed Underwriters to also file proposed redacted copy of NYSCEF 150. (*Id*.) On April 11, 2022, Underwriters filed redacted versions of the referenced documents as ordered by the Court and further filed proposed redactions to NYSCEF 157, among others, with the explanations ordered by the Court. (NYSCEF 247, Defendants' Memo of Law at pg. 6.)

This court granted SIFMA's motion for summary judgment and denied Underwriters' motion for summary judgment. (NYSCEF 223, Decision and Order [mot. seq. no. 004].) Underwriters has sought leave to reargue the motion for summary judgment pursuant to CPLR 2221 (d) (NYSCEF 226, Notice of Motion [mot. seq. no. 008]) and seeks to refile SIFMA's Memorandum of Law in opposition and Counterstatement as NYSCEF 236 and 237 in support of their motion to reargue. As SIFMA's Memorandum of Law in opposition and Counterstatement were not the subject of the Order to Show Cause to Seal (NYSCEF 154, Order to Show Cause [mot. seq. no. 007]) or the court's decision on the Underwriters' motion seq. no. 007 (NYSCEF 214, Amended Decision and Order [mot. seq. no. 007]), no order has been issued directing these documents to be filed under seal, to be unsealed or redacted. (NYSCEF 247, Defendants' Memo of Law at pg. 6.) These documents continue to remain under restricted access and Underwriters' have sought to refile these documents under seal out of an abundance of caution. (*Id.*)

656239/2020   SECURITIES INDUSTRY AND vs. CERTAIN UNDERWRITERS AT                    Page 4 of 6
Motion No. 009

4 of 6

[* 4]

**Discussion**

Section 216.1(a) of the Uniform Rules for Trial Courts empowers courts to seal documents upon a written finding of good cause. It provides:

> "(a) [e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and an opportunity to be heard."

Judiciary Law § 4 provides that judicial proceedings shall be public. "The public needs to know that all who seek the court's protection will be treated evenhandedly," and "[t]here is an important societal interest in conducting any court proceeding in an open forum." (*Baidzar Arkun v Farman-Farma*, 2006 NY Slip Op 30724[U], *2 [Sup Ct, NY County 2006] [citation omitted].) The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Id.* at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab, Ltd. v Chemical Works of Gedeon Richter*, Ltd., 274 AD2d 1, 8 [1st Dept 2000] [internal quotations omitted].)

The defendants have failed to show good cause for the wholesale sealing of NYSCEF 236 and 237. Admittedly, NYSCEF 236 and 237 refer to and reproduce information from documents that were designated as confidential by the Underwriters and were the subject of this court's decision on mot. seq. no. 007. (NYSCEF 157, 159, 160, 162, 173 and 174. (NYSCEF 247, Defendants' Memo of Law at pgs. 4-5.) However, that is not sufficient to seal an entire document.

656239/2020   SECURITIES INDUSTRY AND vs. CERTAIN UNDERWRITERS AT
Motion No. 009

Page 5 of 6

5 of 6

This court has already determined in its decision on motion seq. no. 007 that good cause exists to redact information pertaining to Underwriters' proprietary business strategy, financial information and non-party identifying information particularly references to event dates, locations, limits on insured, market share, non-party identifying information and details of meetings with clients and non-parties. (NYSCEF 214, Amended Decision and Order [mot. seq. no. 007] at pgs. 3-5.) Therefore, good cause might exist to redact portions of NYSCEF 236 and 237 that refer to information pertaining to Underwriters' proprietary business strategy, financial information and non-party identifying information, such information already having been permitted to be redacted in NYSCEF 157, 159, 160, 162, 173 and 174.

Accordingly, it is

ORDERED that motion 009 is denied and the parties are directed to file copies of NYSCEF 236 and 237 under temporary seal with proposed redactions in accordance with this court's decision on mot. seq. no. 007. The proposed redactions should be highlighted in yellow. The parties should also file publicly redacted versions of NYSCEF 236 and 237 containing the proposed redactions.

ORDERED that this order does not authorize sealing or redacting for purposes of trial.

| 4/9/2024 | | | | ANDREA MASLEY, J.S.C. | |
|----------|---|---|---|------------------------|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

656239/2020   SECURITIES INDUSTRY AND vs. CERTAIN UNDERWRITERS AT
Motion No.  009

Page 6 of 6

[* 6]